IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DWAINE WRIGHT, :

    Petitioner, : Case No. 3:11CV00168

vs. : District Judge Timothy S. Black
   Magistrate Judge Sharon L. Ovington

OHIO ATTORNEY GENERAL, et al., :

    Respondent. :

:

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

In January 1993, Dwaine Wright pled guilty to a charge of burglary in the Montgomery County, Ohio Court of Common Pleas. (Doc. #1 at 1). Wright was sentenced to a term of eighteen months. *Id*. Wright's sentence has since expired. Wright is currently in federal custody on a separate charge. Wright brings the instant case *pro se* seeking a writ of habeas corpus 28 U.S.C. §2254.

## II. WRIGHT'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

Wright pled guilty to burglary on January 25, 1993 and was sentenced to a term of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

eighteen months. *Id*. The Ohio Court of Appeals and the Ohio Supreme Court affirmed Wright's conviction in 2010. *Id.* at 2-3.

Wright filed his federal habeas Petition on May 18, 2011. *Id.* at 1. His Petition raises three grounds for relief:

Ground One:     Ineffective assistance of counsel.

    Counsel failed to investigate Petitioners mental background, counsel aloud the Petitioners to entered into a plea without Petitioners full understanding what he was pleading to, counsel failed to file appeal at petitioner's request.

Ground Two:     Petitioners was denied due process when trial court accepted his guilty plea without determining his competency to plead or stand trial.

    The records shows that a psychiatric examination was order, the record shows that the petitioner have been mental disable before the age of 18 years old.

Ground Three:     Withdraw guilty.

    Petitioner guilty plea was not knowingly, intelligently or voluntarily made. Petitioner's plea was tak[en] in violation of Rule 11. Petitioner did not understand what he was pleading to nor understand the nature of the charge or offense he pleaded guilty to. (Doc. #1 at 4-6).

**III. THIS COURT DOES NOT HAVE JURISDICTION**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a)). A habeas petitioner is not "in custody" after his sentence has completely expired. *Id.* at 492.

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.

*Id.* The Petitioner's sentence for his 1993 burglary conviction has completely expired. Additionally, Petitioner's sentence was expired when he filed his habeas corpus petition. Therefore, this Court does not have jurisdiction to consider Petitioner's habeas corpus petition.

### IV. WRIGHT'S PETITION IS TIME BARRED

Petitioner's conviction became final prior to the enactment of the AEDPA and he therefore had until April 24, 1997 in which to file his petition. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210, 120 S. Ct. 2211, 147 L. Ed. 2d 244 (2000). Wright did not file his habeas petition until May 2011, more than thirteen years too late. Consequently, even if this Court had jurisdiction, his habeas petition is untimely.

### IT IS THEREFORE RECOMMENDED THAT:

1. Dwaine Wright's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. That Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 so that the Respondent may respond to objections, if any, filed by Wright.

June 7, 2011

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).